# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE TORQUATO,<br><br>        Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. 17-cv-02127-BAS-NLS<br><br>**ORDER GRANTING JOINT MOTION TO AWARD ATTORNEY FEES**<br><br>**[ECF No. 15]** |

  Plaintiff Roxanne Torquato brought this case seeking judicial review of the final administrative decision of the Acting Commissioner of Social Security ("Commissioner") denying Plaintiff's claims for disability insurance benefits disability insurance benefits under Title II of the Social Security Act. (ECF No. 1.) Plaintiff filed a motion for summary judgment seeking reversal of the Commissioner's final decision and ordering the payment of benefits. (ECF No. 9.) Defendant opposed this motion and moved for cross summary judgment. (ECF Nos. 10, 11.) On June 20, 2018, this Court granted Plaintiff's motion, denied Defendant's cross motion, and remanded the case to the Administrative Law Judge ("ALJ") for further proceedings. (ECF No. 13.)

1

Presently before the Court is a joint motion to award Plaintiff attorney fees in the amount of $3,400.00 and expenses in the amount of $15.30 under Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and costs in the amount of $400.00 under 28 U.S.C. § 1920. (ECF No. 33.) The joint motion is brought as a stipulation of a compromise settlement between the parties regarding Plaintiff's request for attorney fees and cost, and is accordingly is unopposed. (*Id.* at 1.) For the foregoing reasons, the Court **GRANTS** the motion and awards Plaintiff attorney fees in the amount of $3,400.00 and expenses in the amount of $15.30, as well as costs in the amount of $400.00.

I. STANDARD

   a. The Government's Position Was Not Substantially Justified.

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Thus, to be eligible for attorney fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no special circumstances can exist that make an award of attorneys' fees unjust. *Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990).

The Supreme Court has held that a position may be substantially justified "if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). When determining whether the government's position was substantially justified, the court considers "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The government's position must be "as a whole, substantially justified." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258-59 (9th Cir. 2001) (emphasis omitted). It also "must be substantially justified at each stage of the proceedings." *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir.

1998) (internal quotation marks omitted). "[D]istrict courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate disability determination was substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010) (citing *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1990)). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez*, 274 F.3d at 1258.

Though the joint motion is understandably silent on whether the Government's position was justified, the Court finds that its position in this case was not substantially justified. The Court's Order granting summary judgment lays out how the ALJ erred. (ECF No. 13.) In short, the ALJ did not provide "specific and legitimate reasons supported by substantial evidence" in his decision to reject the opinion of Torquato's treating physician, Dr. Slotkin. (*Id.*) In its opposition to Plaintiff's motion for summary judgment, and its cross motion for summary judgment, the Government argued that the ALJ's reasoning was well supported by substantial evidence and free of reversible legal error. (ECF Nos. 10, 11.) The Court disagreed, and instead found that the ALJ committed harmful legal error. (ECF No. 13 at 20.) Both the Government's litigation position as well as the underlying agency action had no reasonable basis in law and fact. Additionally, in light of the settlement, the Government does not provide any special circumstances that would make the award unjust. Therefore, an award of attorney fees in this case is appropriate.

**B.     The Amount Requested Is Reasonable.**

Courts should apply the lodestar method in determining reasonable fees. *Costa v. Comm'r of Social Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). The court calculates the number of hours reasonably expended on the case—cutting any excessive, redundant, or unnecessary hours—and multiplies those hours by a reasonable hourly rate. *Id.* Generally, the court should defer to the winning lawyer's professional judgment as to how much time was required for the case. *Costa*, 690 F.3d at 1135; *Moreno*, 534 F.3d at 1112

3

("[A]fter all he [or she] won, and might not have, had he [or she] been more of a slacker.").

Here, the parties have reached an agreement as to the amount of fees, and presumably stipulate to the fees' reasonableness. The Court agrees. Per Plaintiff's retention agreement, Plaintiff's attorney was to receive twenty-five percent of Plaintiff's past due benefits or $6,000.00 pursuant to 42 U.S.C. § 406(a)(2)(A), whichever was less, only if Plaintiff's case was successful. (ECF No. 15 at Ex. 1.) In light of these considerations, the agreed upon $3,400.00 in attorney fees, $15.30 in expenses, and $400.00 in costs appears reasonable. The joint motion provides additional terms regarding making the fees payable to Plaintiff to be assigned to her attorney and addresses offsets allowed under the United States Department of the Treasury's Offset Program. Additionally, the motion states that "[f]ees shall be made payable to Roxanne Torquato, but if the Department of the Treasury determines that Roxanne Torquato does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Rohlfing & Kalagian, LLP, pursuant to the assignment executed by Roxanne Torquato." (ECF No. 15 at 2.) Given the parties have compromised to come to these terms, the Court finds these additional terms reasonable.

## II. CONCLUSION

The Court finds Plaintiff, as the prevailing party, is entitled to attorney fees in this case and that the requested fees and terms are reasonable. Therefore, the Court **GRANTS** the Joint Motion for Attorney Fees (ECF No. 15) and awards Plaintiff attorney fees in the amount of $3,400.00, expenses in the amount of $15.30, and costs in the amount of $400.00.

**IT IS SO ORDERED.**

**DATED:** August 1, 2018

Hon. Cynthia Bashant
United States District Judge